This decision was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Please also note that this electronic decision may contain computer-generated errors or other deviations from the official paper version filed by the Supreme Court and does not include the filing date.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

    Plaintiff-Petitioner,

v.                       **NO. 31,775**

**AMANDA WARREN**,

    Defendant-Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Michael T. Murphy, District Judge**

Gary K. King, Attorney General
Ann M. Harvey, Assistant Attorney General
Santa Fe, NM

for Petitioner

The Pickett Law Firm, L.L.C.
Mark L. Pickett
Las Cruces, NM

for Respondent

**DECISION**

**CHÁVEZ, Justice.**

Defendant Amanda Warren was charged with aggravated DWI, contrary to NMSA 1978, Section 66-8-102(D)(1) (1953, as amended through 2008) and speeding, contrary to NMSA 1978, Section 66-7-301 (1978, as amended through 2002). Defendant was released on bond under conditions that included staying in contact with her attorney, avoiding alcohol and controlled substances, not violating the law, and not driving without a valid license. On February 8, 2008, Defendant's counsel filed an entry of appearance which included a demand that "all proceedings in this matter be subject to the Speedy Trial Act (6th and 14th Amendment [sic] United States Constitution; New Mexico Constitution, Article II, Section 4)[.]" Trial was scheduled for August 12, 2008. On August 11, 2008, Defendant filed a motion to dismiss for violation of the six-month rule. On August 21, 2008, the district court entered an order extending the time for trial by six months, up to and including February 8, 2009. After a hearing on the motion to dismiss, the district court reset the trial for November 4, 2008. On November 3, 2008, Defendant filed another motion to dismiss, arguing that her right to a speedy trial had been violated. On November 4, 2008, the district court dismissed the case. The total delay amounted to nine months and three days.

In a memorandum opinion, the Court of Appeals affirmed the dismissal granted

by the district court for violation of Defendant's right to a speedy trial. *State v. Warren*, No. 29,147, slip op. at 2 (N.M. Ct. App. June  9, 2009).  The Court of Appeals held that the length of the delay, the reason for the delay, and Defendant's assertion of her right to a speedy trial all weighed slightly against the State. *Id.* at 2-6. On the issue of prejudice, the Court of Appeals held that the anxiety to which Defendant testified was insufficient to constitute undue prejudice, but coupled with the conditions of release, the prejudice weighed slightly against the State. *Id.* at 7. The State then applied to this Court for a writ of certiorari, which was granted on July 15, 2009. *State v. Warren*, 2009-NMCERT-007, 147 N.M. 363, 223 P.3d 360.  We reverse both the Court of Appeals and the district court and remand this case to the district court for trial.

The State argues that dismissal was incorrect under *State v. Garza*, 2009-NMSC-038, 146 N.M. 499, 212  P.3d 387.  In *Garza*, we abolished

> the presumption that a defendant's right to a speedy trial has been violated based solely on the threshold determination that the length of delay is "presumptively prejudicial[,]" . . . [and that] a "presumptively prejudicial" length of delay is simply a triggering mechanism, requiring further inquiry into the *Barker* [*v. Wingo*, 407 U.S. 514 (1972)] factors.

*Id.* ¶ 21.  In addition, we held that

> a defendant must show particularized prejudice of the kind against which the speedy trial right is intended to protect.  However, if the length of

3

> delay and the reasons for the delay weigh heavily in defendant's favor and defendant has asserted his right and not acquiesced to the delay, then the defendant need not show prejudice for a court to conclude that the defendant's right has been violated.

*Id.* ¶ 39. Defendant argues that the district court made a finding of actual prejudice; therefore, her speedy trial right was violated and the district court did not err in dismissing the case.

We see no reason to depart from the analysis set forth in *Garza*. The one-year presumptive period in *Garza* should have been applied before the *Barker* factors were addressed. Although the district judge in this case did not have the benefit of the *Garza* holding, in *Garza* we held that the one-year presumptive period would apply retroactively to speedy trial motions to dismiss initiated on or after August 13, 2007. 2009-NMSC-038, ¶ 50. We held that the "shift in the applicable guidelines [was] predicated on the 2007 amendment to Rule 5-604 [NMRA], which became effective on August 13, 2007." *Id.* Therefore, the one-year presumptive period should apply to Defendant, as her speedy trial motion to dismiss was filed after August 13, 2007.

Despite the fact that the one-year presumptive period should have applied, Defendant was given the benefit of having the *Barker* factors analyzed, and in reviewing these factors, we hold that there was no speedy trial violation. The first three factors do not weigh heavily in Defendant's favor; therefore, more prejudice would be necessary to show a violation of her speedy trial right. The length of delay was not enough to trigger the *Barker* factors and should not be weighed against the

4

State.  Even applying the pre-*Garza* standard, a delay of nine months and three days would not weigh heavily against the State.  *See* 2009-NMSC-038, ¶ 24 (holding that a ten-month, six-day delay "scarcely crosses the 'bare minimum needed to trigger judicial examination of the claim.'" (citation omitted)).  The delay in this case was, at most, negligent, and thus weighs only slightly in Defendant's favor.  *See id.* ¶¶ 26, 28.  The assertion of the right to a speedy trial was "not especially vigorous" and should weigh only slightly in Defendant's favor, if at all.  *Id.* ¶¶ 31, 34.  As for the prejudice found by the district court, the facts are insufficient to show actual prejudice.  The special conditions of release cited by the district court are ordinary conditions of release and should not be given special weight.  *See id.* ¶ 37; *see also State v. Garcia*, 110 N.M. 419, 424-25, 796 P.2d 1115, 1120-21 (Ct. App. 1990) (holding that the prejudice suffered by the defendant was "not sufficiently different from the showing any criminal defendant could make to justify dismissing the charge on speedy trial grounds.").  We agree with the Court of Appeals that the anxiety and concern Defendant suffered are not sufficient to show prejudice and hold that the conditions of release do not raise the prejudice to the level necessary to establish a violation of the speedy trial right.  We therefore reverse both the Court of Appeals and the district court and remand this case to the district court for trial.

**IT IS SO ORDERED.**

_____

5

                                         **EDWARD L. CHÁVEZ, Justice**

**WE CONCUR:**


_____
**CHARLES W. DANIELS, Chief Justice**


_____
**PATRICIO M. SERNA, Justice**


_____
**PETRA JIMENEZ MAES, Justice**


_____
**RICHARD C. BOSSON, Justice**